PERRY SIDE BEARING CO. et al. v. CHICAGO RY. EQUIPMENT CO. et al.

CHICAGO RY. EQUIPMENT CO. v. PERRY SIDE BEARING CO. et al.

(Circuit Court of Appeals, Seventh Circuit. October 5, 1909. Rehearing Denied January 12, 1910.)

Nos. 1,581, 1,594.

1. PATENTS (§ 328*)—VALIDITY OF REISSUE—SIDE BEARING FOR RAILWAY CARS.

The Wands reissue patent, No. 11,611 (original No. 533,763), for a side bearing for railway cars, is void on the ground that the claims are a departure from the invention of the original patent.

2. PATENTS (§ 328*)—VALIDITY—ABANDONMENT OF INVENTION.

The Wands patent, No. 590,286, for a side bearing for railway cars, is void on the ground that such features as disclose invention were shown, but not claimed in a prior patent to the same patentee, and thereby abandoned to the public.

[Abandonment of invention, see note to Hayes-Young Tie Plate Co. v. St. Louis Transit Co., 70 C. C. A. 6.]

3. PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—SIDE BEARING FOR CARS.

The Wands patent, No. 694,503, for a side bearing for railway cars, claims 23 to 27, if limited to the invention actually made by the patentee, as necessary to their validity, held not infringed.

4. PATENTS (§ 314*)—SUIT FOR INFRINGEMENT—PLEADING—HEARING.

Where a bill for infringement of a number of patents alleged that the several inventions were capable of conjoint use, which allegation was disproved by the evidence, but the objection of multifariousness then made was overruled, because the proofs covering the entire controversy had been taken, and the bill was taken in effect as two separate bills, the question of infringement in each case should also be determined on the proofs and not on a claimed admission in the answer, which was framed to meet the allegations of the bill.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 550-553; Dec. Dig. § 314.*]

5. PATENTS (§ 328*)—INFRINGEMENT—SIDE BEARING FOR CARS.

The Huntoon patent, No. 694,549, for a side bearing for cars, held not infringed.

Appeal and Cross-Appeal from the Circuit Court of the United States for the Northern District of Illinois, Eastern Division.

Suit in equity by the Chicago Railway Equipment Company and John C. Wands against the Perry Side Bearing Company and Henry D. Laughlin. From the decree (170 Fed. 968), both parties appeal. Affirmed on complainants' appeal, and reversed on defendants' appeal.

Chicago Railway Equipment Company and Wands, as complainants, filed their bill against Perry Side Bearing Company and Laughlin on account of the latter's alleged infringement of certain claims of four patents for side bearings for railway cars, as follows: Claims 4, 5, and 6 of Wands reissued patent, No. 11,611, June 15, 1897; claims 1 and 3 of Wands patent, No. 590,286, September 21, 1897; claims 23, 24, 25, 26, and 27 of Wands patent, No. 694,503, March 4, 1902; claims 1, 3, and 9 of Huntoon patent, No. 694,549, March 4, 1902.

The answer, among other things, denied the validity of each claim sued on, denied infringement, and alleged that the defendants' side bearings were "made under and in accordance with the inventions of Hubert M. Perry set forth and described in letters patent No. 672,648, No. 728,757, and No. 806,360, and that such inventions are each and all wholly independent of, and en-

tirely different from, anything patented in either of said letters patent declared on in said bill of complaint."

In the Circuit Court the claims of the Wands reissue and of the second Wands patent were adjudged to be void, while the claims of the third Wands patent and of the Huntoon patent were held to be valid and infringed. From the latter part of the decree the defendants' have appealed, and from the first part the complainant equipment company has perfected a cross-appeal.

The nature of the inventions and a recital of the claims in suit are given in the opinion of the Circuit Court, reported in 170 Fed. 968, 982, and need not be repeated here.

C. C. Linthicum and Albert H. Graves, for Perry Side Bearing Co. and another.

George P. Fisher, Jr., and Paul Bakewell, for Chicago Ry. Equipment Co.

Before GROSSCUP and BAKER, Circuit Judges, and ANDERSON, District Judge.

BAKER, Circuit Judge (after stating the facts as above). On comparing the Wands reissue with the original patent, the Circuit Court found that the reissue was "a clear departure from the invention of the original patent." The claims of the second Wands patent were held to be void in view of the disclosures in the first Wands patent. In both of these conclusions we concur; and we think the reasons for such conclusions are adequately stated in the opinion of the Circuit Court.

Respecting the claims of the third Wands patent, complainants say that:

"These claims are not directed broadly to the idea of providing for a free escape of dust and cinders and a circulation of air over the track or way in every kind of a side bearing, but are specifically directed to that particular type of spring centered bearing in which there is an upper box-like bearing plate or member that is slidably connected with the lower base plate or track. * * * The invention of this third Wands patent, broadly stated, consists, first, in providing this particular type of side bearing with open ends to admit air and permit the escape of dust and cinders; and, second, in providing the supporting sides or guides of this type of side bearing with openings which also allow the access of air to the track and permit the escape of dust and cinders therefrom."

This statement sufficiently concedes what the record distinctly proves, namely, that neither the new type of spring centered bearing in which an upper box-like bearing plate is slidably connected with the base plate nor the utilization of air currents produced by the train's motion to keep the base plate of older types free from dust and cinders owed its origin to Wands. In other claims of this third patent Wands showed certain improvements in details of the spring centered type of bearing. The claims in suit (23 to 27) are directed to the utilization of air currents. If these claims are limited to the ventilation of the specific new form devised by Wands, confessedly the defendants do not infringe. If they are to be construed as covering every form of the spring centered type, they would become void, in our judgment, because they would thereby be expanded beyond the true scope of any invention actually made by Wands.

The Huntoon patent is for improvements in side bearings of a distinctly different type from that involved in the three Wands patents.

The rolls, instead of traveling along the lower bearing plate in response to the friction of the upper plate, and then being brought back to center by means of springs when the friction of the upper plate is removed, are set in journals fixedly attached to the truck-bolster, and have no movement except that of rotation in response to the friction of the upper plate. Huntoon's patent says that the side bearing therein described was especially designed for street car service, in which very short curves are encountered. The proofs incontrovertibly establish the falsity of the bill's averment that the Huntoon invention is capable of conjoint use with those of Wands. The only proofs offered by complainants respecting infringement showed that defendants were making and selling certain spring centered side bearings. Evidence by defendants proved that the spring centered type was the only type they made. Nevertheless complainants say that defendants must be held to be infringers of the Huntoon patent because they admitted in their answer that they were such infringers. They denied, in apt form, infringement of the Huntoon patent. This put complainants to proof, unless the denial of infringement was shown to be false by other parts of the answer. The answer averred that defendants' side bearings were made in accordance with three Perry patents. The first two Perry patents are for improvements in spring centered side bearings, the last for improvements in the stationary roller type. Manifestly a structure embodying the first two Perry inventions could not also embody the Huntoon invention. But, so complainants say, a comparison of the last Perry patent with the Huntoon patent will demonstrate that the Perry claims are dominated by the Huntoon claims, and this fact, in connection with the aforesaid allegation of the answer, makes out an irrebuttable case of infringement. It is right, of course, that a defendant should not be permitted in the evidence to raise an issue where he has agreed in the pleadings that there is no issue. But, in the face of the explicit denial, the averment in question should not be taken as an agreement on defendants' part that they infringed the Huntoon patent, unless no other reasonable interpretation can be given to the averment. The averment names three Perry patents conjointly. It is necessary, for complainants' purposes, to disregard two of the patents, and to construe the averment as a conclusive admission that defendants were making side bearings of the stationary roller type as well as of the spring centered type. It seems to us, however, that the averment should be viewed in the light not only of the deliberate denial of infringement, but also of the theory of the bill. In theory the bill is unitary. It was in the proofs that the multifariousness of the case became clear. The bill averred that the four patents sued on were capable of conjoint use, and that the defendants infringed by making and selling a single, unitary structure. The defendants said: "No; we do not infringe your patents; on the contrary, our side bearings are made in accordance with patents of our own." Both sides were mistaken in regard to the capabilities of their patents for conjoint use. If the bill had frankly stated that the Huntoon Case was irrelevantly tacked onto the Wands Case, the Circuit Court would undoubtedly have cut it off on motion or demurrer. The Huntoon Case was retained only because the matter of multifariousness was not brought to

the court's attention until all the evidence had been taken and the final arguments were on. If the complainants, without a separate bill for their separate case, were heard on the merits of the Huntoon invention, as shown by the evidence, the matter of noninfringement should also have been determined from the evidence. To treat the answer of defendants who have been brought into court to meet a single unitary bill of complaint, as answers to two bills simply because the evidence develops two separate causes of action, and to construe one and the same averment as an efficient denial of infringement in one of the cases and an irrebuttable confession of infringement in the other, we would deem an abuse of the rules of equity pleading.

On the cross-appeal, the decree is affirmed; on the appeal, the decree is reversed, with the direction to dismiss the bill for want of equity.